**Electronically Filed
Supreme Court
SCAD-19-0000561
09-SEP-2020
10:35 AM**

SCAD-19-0000561

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

GARY VICTOR DUBIN,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case Nos. 16-O-147, 16-O-151, 16-O-213, and 16-O-326)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Intermediate Court of Appeals Associate Judge Leonard,
assigned by reason of vacancy)

Upon a thorough and careful review of the entire record in this matter, and the briefs submitted by the parties, we find and conclude, by clear and convincing evidence, that Respondent Gary V. Dubin, committed the following misconduct.

In Office of Disciplinary (ODC) Case No. 16-O-151, we find and conclude that Respondent Dubin violated Rule 8.4(c) of the Hawai'i Rules of Professional Conduct (1994) by knowingly

misrepresenting the truth on a government form on which he certified the information thereon was true.

In ODC Case No. 16-O-147, we find and conclude that Respondent Dubin violated HRPC Rule 8.4(c) (2014) by signing the names of his clients, without their permission, in the endorsement section of a $132,000.00 settlement check made out to them alone and depositing it in his client trust account, thereby gaining control over those funds. We find he did not immediately inform the clients of the receipt of the check when he learned of it. We also find the invoice he subsequently issued to the clients on November 7, 2015 was the first billing statement or accounting since the inception of his representation of them in February 2012, wherein he asserted $69,702.87 in fees and costs owing, based upon an hourly rate of $385.00 an hour for associates on the case. We find and conclude that this rate was unreasonable because it exceeded by $115.00 per hour the rate agreed upon in the retainer agreement for associates and was also applied to one associate for work done at a time when that associate was not licensed to practice law in this jurisdiction. We also find the clients were never contacted or consulted regarding an amendment of the agreed-upon rate. We find that, as a result, Dubin overcharged the clients a minimum of $19,885.00. We conclude Respondent Dubin's conduct in this regard violated HRPC Rules 1.5(a), 1.5(b), 8.4(c) and

2

1.4(a)(3) (once for failing to timely inform the clients of the receipt of the check, and once by failing for more than three years to communicate with the clients regarding the status of their account) (2014).

We find and conclude that, in ODC Case No. 16-O-326, Respondent Dubin withdrew $3,500.00 of the client's funds at a time when, based upon Respondent Dubin's own accounting, Respondent Dubin had not yet earned those funds, thereby violating HRPC Rules 1.15(a) and 1.15(d) (2014). We find and conclude he did not inform the client when he fully disbursed the client's $45,000.00 from the firm's client trust account, thereby violating HRPC Rule 1.15(d) (2014), and he did not respond to clear inquiries from ODC regarding the matter, in violation of HRPC Rule 8.4(g) (2014).

We find that Respondent Dubin's conduct, in ODC Case Nos. 16-O-147 and 16-O-326, inflicted actual, serious, injury upon the clients and upon the profession and, in ODC Case No. 16-O-151, inflicted injury on the public at large and the integrity of the profession.

We have thoroughly reviewed the record, and Respondent Dubin's arguments, both at the Disciplinary Board and before this court, regarding alleged violations of his right to due process throughout the disciplinary process, and find them to be without merit.

3

We also find, in aggravation, that Respondent Dubin has two prior disciplines, evinced a dishonest or selfish motive, demonstrated a pattern of misconduct, committed multiple offenses, refused to acknowledge the wrongful nature of his conduct, and has substantial experience in the practice of law. In mitigation, the record contains many positive comments from clients, and Dubin has contributed positively to the development of the law.

We note relevant disciplinary precedent in this jurisdiction, including ODC v. Chatburn, Case No. 24777 (May 30, 2002) and ODC v. Burns, Case No. 20882 (December 17, 1999), and take into consideration *ABA Standards for Imposing Lawyer Sanctions*, Standards 4.11, 4.41, and 7.1.

Finally, we have reviewed the arguments from both parties, and related materials, regarding the July 23, 2020 motion from ODC counsel on this matter, seeking to strike the exhibits appended to Respondent Dubin's reply brief.

Hence,

IT IS HEREBY ORDERED that the motion to strike is denied.

IT IS FURTHER ORDERED that Respondent Dubin is disbarred, effective 30 days after the entry date of this order.

IT IS FURTHER ORDERED that, pursuant to Rule 2.16(d) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH),

4

within 10 days after the effective date of his disbarment, Respondent Dubin shall submit to this court proof of compliance with the requirements of RSCH Rule 2.16 regarding disbarred attorneys.

IT IS FURTHER ORDERED that Respondent Dubin shall pay $19,885.00 in restitution to the clients named in ODC Case No. 16-O-147 and submit proof of said payment to this court, all within 30 days after the entry date of this order. The Disciplinary Board may, on behalf of the clients in ODC Case No. 16-O-147, seek further orders from this court in enforcement of this directive, pursuant to RSCH Rule 10, or by other means the Board determines are appropriate to propose.

IT IS FURTHER ORDERED that Respondent Dubin shall bear the costs of these disciplinary proceedings, upon the approval of a timely submitted verified bill of costs by ODC, pursuant to RSCH Rule 2.3(c).

DATED: Honolulu, Hawaiʻi, September 9, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Katherine G. Leonard